OPINION
{¶ 1} Appellant Troy W. Sullivan appeals his November 15, 2005, sentencing entered by the Ashland County Court of Common Pleas on one count of aggravated possession of drugs.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 3} On or about August 9, 2005, the Ohio State Highway Patrol filed a complaint against Appellant, Troy W. Sullivan.
 {¶ 4} Appellant's initial appearance was held on August 10, 2005. At that hearing, Appellant waived his right to a preliminary hearing and the matter was bound over to the grand jury.
 {¶ 5} On or about September 30, 2005, a Bill of Information was filed by the Ashland County Prosecuting Attorney alleging one count of Aggravated Possession of Drugs, in violation of R.C. § 2925.11(A).
 {¶ 6} On October 4, 2005, Appellant was served with the Bill of Information by the Ashland County Sheriff.
 {¶ 7} Appellant appeared before the Ashland County Court of Common Pleas on October 6, 2005. At that hearing, Appellant waived reading of the indictment, waived his Constitutional Rights, and entered a plea of guilty to the Bill of Information. The Trial Court ordered a pre-sentence investigation and scheduled Appellant's sentencing for November 14, 2005.
 {¶ 8} Appellant was sentenced on November 14, 2005, with a judgment Entry journalized on November 15, 2005. On the single count of Aggravated Possession of Drugs, in violation of R.C. § 2925.11(A), the trial court sentenced Appellant to a period of imprisonment of ten (10) months in a penal institution operated under the authority of the Ohio Department of Rehabilitation and Correction. The Trial Court further suspended Appellant's Ohio Operator's License for a period of two (2) years effective November 14, 2005, plus costs of the action.
 {¶ 9} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 10} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE WAS UNCONSTITUTIONAL AS IT WAS BASED ON AN UNCONSTITUTIONAL STATUTE."
 I. {¶ 11} Appellant claims the trial court erred in sentencing. We agree.
 {¶ 12} Specifically, appellant argues the trial court sentenced him under unconstitutional statutes based upon the Supreme Court of Ohio's opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, wherein theFoster court held R.C. § 2929.14(B) and (C), R.C. § 2929.19(B)(2), R.C. § 2929.14(E)(4) and R.C. § 2929.41(A), requiring "judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" and/or consecutive sentences, are unconstitutional. Id. at ¶ 83. The Foster court severed the statutes, and concluded " * * *trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 13} In addition, the State concedes this issue in its brief at 2.
 {¶ 14} In accordance with the directives of the Foster court, we grant Appellant's sole assignment of error.
 {¶ 15} For the above reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby reversed and remanded. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with the law and consistent with this opinion.
Boggins, J., Gwin, P.J., and Farmer, J., concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded for re-sentencing. Costs to Appellant.